**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON LANKING, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-CV- 210 |
| | ) | |
| v. | ) | Judge |
| | ) | |
| CITY OF CHICAGO and CHICAGO POLICE | ) | Magistrate Judge |
| OFFICERS E. AMPARAN star # 4614, | ) | |
| OFFICER M. JASINSKI, star #5007 | ) | |
| OFFICER DOUGLAS JOHNSON | ) | |
| OFFICER JOHN SCHOESSLING star #5294 | ) | |
| OFFICER KYLE WALKER, star#15884 | ) | |
| DETECTIVE G. LOVENTY, star #20214 | ) | |
| DETECTIVE B. KISCHNER #320282   and | ) | |
| UNKNOWN CHICAGO POLICE OFFICERS | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, BRANDON LANKING (hereinafter õPLAINTIFFö or õLANKINGö), and for his cause of action against the Defendants, CITY OF CHICAGO (hereinafter õCITYö), and CHICAGO POLICE OFFICERS E. AMPARAN MARTIN, star # 4614, OFFICER M. JASINSKI, star #5007, Beat 2573 OFFICER DOUGLAS JOHNSON, Beat 2573 OFFICER JOHN SCHOESSLING,  Beat 2573 OFFICER KYLE WALKER, DETECTIVE G. LOVENTY, star #20214, DETECTIVE B. KISCHNER #320282 and UNKNOWN CHICAGO POLICE OFFICERS  (hereinafter collectively referred to as õOFFICERSö), states as follows:

## NATURE OF CLAIM

1. This is an action seeking redress for violations under United States Code, Section 1983. Further, this is an action seeking redress for state law claims of malicious prosecution and intentional infliction of emotional distress.

## JURISDICTION & VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983 and 42 U.S.C. §1988. Supplemental jurisdiction lies in this Court pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C §1391(b)(2), as the events giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division, and Plaintiff and is a resident in the Northern District of Illinois, Eastern Division.

## PARTIES

4. Plaintiff BRANDON LANKING is a resident of Chicago, IL, in Cook County.

5. Defendant OFFICERS are sworn law enforcement officers employed by the City of Chicago. They are being sued in their official and individual capacities. At all times relevant to the allegations contained herein, OFFICERS were acting under color of law.

6. Defendant CITY OF CHICAGO is located in Cook County, Illinois, and for all times material to this complaint was the employer of Defendant OFFICERS and at all relevant times such individual defendants were acting within the scope of employment with CITY OF CHICAGO.

**FACTUAL BACKGROUND**

7. On January 13, 2015, at approximately 9:00 p.m., BRANDON LANKING was walking on or near the 2100 block of North Laporte in Chicago, Illinois.

8. At that time and place, LANKING was doing nothing illegal, was not running, and was alone.

9. The Defendant Officers stopped their vehicle near the plaintiff, exited their vehicle and called to PLAINTIFF, ordering him to come speak with them.

10. One of the Defendant Officers asked LANKING his name.

11. LANKING provided his name to the Defendant Officers.

12. One of the Defendant Officers searched LANKING.

13. The Defendant Officers detained LANKING for the purpose of bringing a witness to his location to see whether the witness would identify LANKING as an offender involved in a robbery.

14. Defendant officers did not have a description of a suspect that matched Lanking.

15. When the other officers brought the witness, the witness did NOT identify PLAINTIFF as one of the offenders involved in the robbery.

16. Defendant Officers arrested LANKING despite the negative response from the witness regarding identification. LANKING was taken into custody and transported to the Chicago Police Department, 25th District.

17. Beat 2573 OFFICER DOUGLAS JOHNSON, Beat 2573 OFFICER JOHN SCHOESSLING, Beat 2573 OFFICER KYLE WALKER, were aware that no positive identification of LANKING had been made.

18. Beat 2573 OFFICER DOUGLAS JOHNSON, Beat 2573 OFFICER JOHN SCHOESSLING, Beat 2573 OFFICER KYLE WALKER, OFFICERS E. AMPARAN MARTIN, star # 4614, and OFFICER M. JASINSKI, star #5007 decided to arrest LANKING and bring him into the station without any identification.

19. Defendant OFFICERS E. AMPARAN MARTIN, star # 4614, and OFFICER M. JASINSKI, star #5007 then falsified paperwork to make it appear that LANKING was arrested together with a Mr. Shane Bryant at the time of arrest.

20. Defendant OFFICERS E. AMPARAN MARTIN, star # 4614, and OFFICER M. JASINSKI, star #5007 then falsified paperwork to make it appear that LANKING was positively identified by a victim as an offender.

21. Defendants DETECTIVE G. LOVENTY, star #20214, DETECTIVE B. KISCHNER #320282 then falsified paperwork to make it appear that LANKING was positively identified by a victim as an offender.

22. Defendants DETECTIVE G. LOVENTY, star #20214, DETECTIVE B. KISCHNER #320282 then provided information to the alleged co-offender, Shane Bryant to induce Bryant to make a statement against Brandon LANKING.

23. Defendants DETECTIVE G. LOVENTY, star #20214, DETECTIVE B. KISCHNER #320282 then hid evidence of LANKING's innocence.

24. In order to justify arresting LANKING, Defendant Officers filed sworn Complaints formally charging LANKING in the Armed Robbery, and in the Attempt Armed Robbery.

25. These complaints were later superceded by Indictments in Cook County Criminal Division Case Numbers 15 CR 01915 and 15 CR 01918

26. LANKING was detained on these charges and remained in custody from January 13, 2015 until December 1, 2016,

27. On December 1, 2016, both cases, 15CR 09195 and 16 CR 01918 were dismissed by motion of the State, Nolle Prosequi.

28. Mr. LANKING spent 23 months in jail fighting the baseless criminal prosecution culminating in the December 1, 2016 dismissal.

29. As a result of PLAINTIFF's false arrest and malicious prosecution, PLAINTIFF suffered damages, including but not limited to pain and suffering and financial loss.

### Count I – 42 U.S.C. Section 1983
### Fourth Amendment – Illegal Seizure and False Arrest

30. Each of the foregoing paragraphs is incorporated as if restated fully herein.

31. The actions of Defendant OFFICERS constituted an unreasonable seizure and false arrest, in violation of the Fourth Amendment to the United States Constitution.

32. As a proximate result of the above-detailed OFFICERS' actions, PLAINTIFF suffered injuries including pain and suffering, emotional distress, mental anguish, and financial loss.

### Count II- Illinois Malicious Prosecution

33. Each of the foregoing paragraphs is incorporated as if restated fully herein.

34. As stated above, the Defendant OFFICERS caused criminal proceedings against PLAINTIFF to be commenced and continued with malice, without probable cause, and knowing that PLAINTIFF was not guilty of the crimes for which he had been charged.

35. PLAINTIFF was acquitted of all charges in a manner indicative of PLAINTIFF'S innocence, which fully and finally terminated the case in PLAINTIFF'S favor.

36. As a result of the DEFENDANTS' conduct, PLAINTIFF suffered injury including but not limited to emotional distress.

## Count IV-
## 745 ILCS 10/9-102 – Indemnification – City of Chicago

37. PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth herein.

38. Defendant CITY OF CHICAGO is the employer of Defendant OFFICERS.

39. DEFENDANTS committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

40. Should Defendant OFFICERS be found liable on one or more of the claims set forth above, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the Defendant CITY OF CHICAGO be found liable for any judgment PLAINTIFF obtains against said DEFENDANTS, as well as attorneys' fees and costs awarded.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ Cristopher Smith_____ /s/Pablo deCastro_____
One of the Attorneys for PLAINTIFF          One of the Attorneys for PLAINTIFF
Christopher Smith Trial Group, LLC          111 W. Washington, Suite 1500
One North LaSalle, Suite 2000               Chicago, IL 60602
Chicago, IL 60602                           (312) 690-2626
312.432.0400                                pdecastro@attorneydecastro.com; Email
chris@crstrialgroup.com; Email